OPINION OF THE COURT
Renee R. Roth, S.
In this miscellaneous proceeding, the court is asked to *946 determine whether decedent’s surviving spouse is entitled to a community property share of her husband’s estate (EPTL 6-6.1 —6-6.6). This is the first case construing in an estate proceeding the Uniform Disposition of Community Property Rights at Death Act since it was adopted by this State in 1981 (L 1981, ch 187).
Testator Arthur Bach (Arthur) died on April 4, 1987, survived by his wife Franca. Under his will dated June 17, 1985, Arthur gave Franca her elective share in trust with remainder to his brother Kurt. The balance of his estate is disposed of 75% to Kurt and 25% among named charities. The will was admitted to probate by this court and letters testamentary issued to Kurt as the named executor.
On May 20, 1987, Franca commenced a proceeding to discover that part of her husband’s estate which constitutes "community property”. No actual discovery has been conducted. Instead, after several conferences, the executor of Arthur’s estate has moved for summary judgment dismissing Franca’s claim as a matter of law.
The papers submitted upon the motion establish the following undisputed facts.
Arthur and Franca were married in Bolivia about 50 years ago. During the couple’s marriage, Arthur and his brother Kurt owned a textile business. The business was initially funded during the marriage by a gift or a loan of $10,000 from their father.
Around 1957, Arthur and Franca left Bolivia to establish pérmanent residence in New York following Kurt’s move a year earlier. All three eventually became United States citizens.
While all were living in New York, the business in Bolivia was sold and the proceeds divided between Arthur and Kurt. Thereafter, Arthur never had any other source of income and he and his wife lived on the income from the proceeds of the sale of the business.
Thus, there is apparently no dispute that decedent’s estate is traceable to the Bolivian assets. Furthermore, it is undisputed that Bolivia is a community property country. The executor’s expert, Sergio Palacios de Vizzio, an attorney admitted to practice in New York and Bolivia, submits an affidavit of Bolivian law stating as follows: "Indeed, Bolivia is a community state. Under Bolivian law, all property or benefits acquired by either or both spouses during marriage shall *947 be distributed equitably between the spouses when the marriage is terminated regardless of the form in which title is held and whether one of the spouses has more property than the other or all of the property.”
In agreement is the Bolivia Law Digest (see, 8 Martindale-Hubbell, Bolivia Family Code § 96-128 [1990]), which states in pertinent part: "Community property is created at the time of matrimony, as regulated by law. Private agreements with respect thereto are disallowed. * * * Community property is that property acquired during marriage by reason of work, income from separate property”.
The widow contends that she is entitled to one half of the community property under the laws of New York. We thus turn to the governing statute.
EPTL 6-6.1 applies to a married domiciliary of New York who makes a disposition at death of any personal property wherever situated which was acquired as or became, and remained, community property under the laws of another jurisdiction; any personal property wherever situated which was acquired with the income of or the proceeds from such community property; any real property in this State acquired with the income of or the proceeds from such community property.
After it is determined which property of the deceased spouse is community property and which property is traceable from the income or proceeds of sale of community property, then EPTL 6-6.3 provides that
(1) Upon the death of a married person one half of the community property is the property of the surviving spouse and is not subject to disposition by such decedent by will or under the laws of intestacy; and (2) the other half of such community property belongs to the decedent and is subject to disposition by will and is not subject to the surviving spouse’s right to elect against the will.
The term "community property”, when used hereafter in this opinion, encompasses both community property and property traceable to community property.
It should be noted that community property States or countries do not necessarily define .community property in the same way. Therefore, although EPTL 6-6.3 governs the rights of a surviving spouse of a New York domiciliary, the laws of the community property State or country where such property was acquired govern what assets of the estate constitute *948 community property. Thus, what may be community property in one State may not be community property as defined by the laws of another State or country.
EPTL 6-6.4 describes the procedures the surviving spouse must follow to have the court determine his or her right to community property and to determine what constitutes such property under the law of the foreign State or country. Briefly, the surviving spouse is required to make a written demand upon the court or the personal representative of the deceased spouse. If the fiduciary or the beneficiaries do not acquiesce, the surviving spouse must bring a proceeding to discover community property in the possession of the personal representative (SCPA 2102). Under EPTL 6-6.2, the surviving spouse is aided by a rebuttable presumption: property acquired by the deceased spouse while domiciled in a jurisdiction which recognizes the right of a surviving spouse to community property is presumed to have been acquired as or have become, and remained, community property to which EPTL 6-6.3 applies.
Franca has complied with these requirements and claims that because all the estate assets are traceable to the Bolivian community property she has an absolute right to one half of the estate.
The executor, on the other hand, contends that he is entitled to summary judgment because of loches, the Statute of Limitations and choice-of-law principles. He maintains that "the law of domicile governs the disposition of testator’s personalty” and that by establishing a trust of one half of his estate for Franco’s life income benefit, testator fulfilled this State’s requirements. Moreover, by living in New York for 30 years Franca and Arthur submitted themselves to the laws of their new domicile. Finally, he claims that New York and not Bolivia is the only forum which has an interest in decedent’s affairs.
The executor is mistaken. This case is a classic example of the operation of the Uniform Act.
The Act becomes applicable only upon the death of a domiciliary spouse, not during his or her lifetime. Under EPTL 6-6.3, Franco’s right to her share of the community property did not arise until Arthur’s death. Since Arthur died in 1987, the defense of loches or Statute of Limitations is clearly not applicable.
The usual choice-of-law principles are not applicable here *949 either. EPTL 6-6.1 expressly provides that it is New York law which determines the right of a surviving spouse to personal property acquired during the marriage as community property under the laws of another jurisdiction. EPTL 6-6.3 specifies that under New York law a surviving spouse is entitled to one half of the deceased spouse’s community property. EPTL 6-6.1 provides that it is the law of the community property State or country that determines which part of the decedent’s personal property was acquired as or became and remained community property. These statutes themselves expressly determine whose law is applicable without resort to choice-of-law principles. Indeed, the legislative memorandum observed that the purpose of the statute was to "recognize and define the rights of married persons in property acquired while they * * * resided in a community property state, after they have moved to a noncommunity property ('common law’) state” (mem in support of S 1151,1981 NY Legis Ann, at 111).
The executor’s motion for summary judgment is therefore denied. Franca has established that Bolivia is a community property country and in consequence she is entitled to receive from her husband’s estate one half of their community property.
As discussed previously, under EPTL 6-6.4, Franca would now be entitled to pursue her discovery proceeding in order to identify personal property in her husband’s estate from which she is entitled to her one-half share. However, the executor has not disputed Franca’s contention that all of Arthur’s estate consists of the proceeds of the Bolivian property. Therefore, there is nothing for Franca to discover. She has established that Bolivia is a community property country and her claim that her husband’s estate consists solely of community property assets is uncontroverted. In addition to being uncontested, her latter contention is aided by EPTL 6-6.2 which, as mentioned earlier, provides that property acquired by the deceased spouse, while domiciled in a community property jurisdiction, is presumed to have been acquired and to have become and remained community property.
Based upon all the foregoing, Franca’s cross motion for summary judgment must be granted as a matter of law. Under the provisions of EPTL article 6, she is entitled to one half of her husband’s estate outright. With respect to the other half of decedent’s estate, the provisions of his will remain in force and effect.